

Brett Van Benthysen
Direct Dial: (212) 209-3045
Email Address: bvanbenthysen@reitlerlaw.com

June 5, 2023

**Via ECF**
The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 4H North

   Re: *Roberts v. Richard Beavers Gallery*, Case No. 1:22-cv-04516-LDH-TAM

Dear Judge DeArcy Hall:

  We write on behalf of plaintiff Deborah Roberts ("Plaintiff") in the above-referenced infringement action against defendants Richard Beavers Gallery ("Gallery"), Richard Beavers ("Beavers"), and Lynthia Edwards ("Edwards," and together with Gallery and Beavers, "Defendants") to dispute certain assertions in the Defendants' letter dated June 2, 2023 (ECF 26, the "Letter").

  Defendants contend that the recent decision of the U.S. Supreme Court in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 2023 WL 3511534 (2023) ("*Warhol*") "does not bear on this case" because it "addresses only the specific use at issue in that case, which was [Defendant's] commercial licensing … for publication in a magazine." Letter at 1. Defendants' position is belied by nearly every page of the majority's opinion in *Warhol*. The majority rejected the sweeping notion of "transformative use" upon which Defendants rely here, under the first factor of the fair use test set forth in 17 U.S.C. §107. Rather than focusing on the "meaning or message" of the allegedly infringing work, *Warhol* holds that the first factor should primarily consider whether the *use* of that work is "the same as, or highly similar to," that of the original work:

> The "central" question [the first factor] asks is "whether the new work merely 'supersede[s] the objects' of the original creation . . . ('supplanting' the original), or instead adds something new, with a further purpose or different character." *Campbell*, 510 U. S., at 579 (quoting *Folsom v. Marsh*, 9 F. Cas. 342, 348 (No. 4,901) (CC Mass. 1841) (Story, J.), and *Harper & Row*, 471 U. S., at 562). In that way, the first factor relates to the problem of substitution—copyright's bête noire. The use of an original work to achieve a purpose that is the same as, or highly similar to, that of the original work is more likely to substitute for, or"'supplan[t],'" the work, *ibid*.

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main: 212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main: 609-514-1500

**Los Angeles**
227 Broadway, Suite 302
Santa Monica, CA 90401
Main: 310-337-2305

www.reitlerlaw.com

Hon. LaShann DeArcy Hall
June 5, 2023
Page 2 of 2

*Warhol,* Slip op. at 15.

Defendants' argument that *Warhol* is narrowly limited to the licensing of copyrighted works for use in magazines must therefore be rejected. *Warhol*'s reasoning is far broader, and as shown in the passage above rests on an unbroken line of Supreme Court decisions involving everything from journalistic scoops to satirical rap records. *Warhol* is not just about magazines or about licensing. It is about "substitution – copyright's bête noire." And by recognizing substitution as the "central" question under the first factor, rather than the "meaning or message" of the accused work, *Warhol* directly refutes the principal fair argument Defendants advance in their pending motion to dismiss. *See, e.g.,* Defendants Memorandum of Law in Support of Motion to Dismiss (ECF 22) at 19-20.

Here, exhibiting and selling the Defendants' work is "a purpose that is the same as, or highly similar to, that of" Deborah Roberts' collages. The Defendants' purpose is so similar, in fact, that the Second Amended Complaint alleges that Defendant Beavers first approached Ms. Roberts about selling her collages *in Defendants' gallery*, because "so many of [Defendants'] clients . . . would like to acquire" Ms. Roberts' collages. SAC ¶22. Only when Ms. Roberts refused did Defendant Beavers and Defendant Edwards begin making and selling their imitations, (SAC ¶23), which are unlike Ms. Edwards' previous work, (SAC ¶57), have enjoyed greater success than Ms. Edwards' previous work, (SAC ¶58), and have been mistaken for Ms. Roberts' collages on multiple occasions. SAC ¶¶61-67. The Defendants' imitations not only "supplant" Ms. Roberts' collages, they were designed to do so, to provide Defendant Beavers with a market substitute for the Roberts collages his clients so eagerly sought.

Accordingly, the Defendants' interpretation of *Warhol* cannot be squared with the Supreme Court's opinion, or with the facts as alleged in the Second Amended Complaint. We thank the Court for its attention to this matter.

Respectfully submitted,

 s/ Robert W. Clarida
Robert W. Clarida

cc:     Counsel of Record